IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01264-SHM-tmp |
| | ) | |
| | ) | |
| VOLUNTEER CHAPLAIN F/N/U RILEY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE; AND GRANTING LEAVE TO AMEND**

On November 30, 2022, Plaintiff Stephen Phillips filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) When Phillips filed the complaint, he was confined at the Hardeman County Correctional Complex (the "HCCF"), in Whiteville, Tennessee. (*Id*. at PageID 2.) On January 13, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 5.) On June 26, 2023, Phillips notified the Clerk of Court that Phillips had been transferred from the HCCF to the Northwest Correctional Complex (the "NWCX"), in Tiptonville, Tennessee. (ECF No. 6.)

The complaint alleges that Phillips entered the HCCF chapel on October 19, 2022 "to participate in the Threshold Program." (ECF No. 1 at PageID 2.) Riley, who is alleged to be the HCCF's "volunteer chaplain", saw Phillips in the chapel but "never started the class or supervised the [P]rogram." (*Id*.) Phillips alleges that, because Riley "never made an effort" to conduct the Threshold Program, Riley "discriminat[ed] [against Phillips] with conspiracy in a psychological

way." (*Id*.)  The complaint is construed to allege claims of: (1) deprivation of due process; (2) deprivation of equal protection; and (3) conspiracy.  (*Id*.)

Riley is the sole named Defendant.  (*See id*. at PageID 1-2.)

Phillips seeks one hundred million dollars ($100,000,000.00).

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief; and (2) leave to amend is GRANTED.

I.     **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Rule 8 requires a complaint to contain "a short and plain statement of the

2

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Rule 8 also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.   ANALYSIS

### Requirements To State A Claim Under § 1983

Phillips sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (the "Deprivation Of Federal Right Prong"); and (2) that a defendant caused harm while acting under color of State law (the "State Actor Prong"). *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). In *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922 (1982), the United States Supreme Court set forth a two-part test for determining whether a private party's actions, which are alleged to have caused a deprivation of a plaintiff's federal constitutional right, are attributable to the State: (1) "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible", *id*. at 937; and (2) "Second, the party charged with the deprivation

must be a person who may fairly be said to be a [S]tate actor … because … [a] he is a state official, [b] he has acted together with, or obtained significant aid from, state officials, or [c] his conduct is otherwise chargeable to the [S]tate." *Id.*

As to whether Riley may fairly be said to be a State actor for the purpose of liability under § 1983, Phillips alleges no facts demonstrating that Riley's right to "start [and] supervis[e]" the Threshold Program at the HCCF (*see* ECF No. 1 at PageID 2) was a privilege created by the State of Tennessee.  The complaint is liberally construed to allege that Riley was at the HCCF with permission from jail personnel to hold a type of inmate rehabilitation class[1] on October 19, 2022. (*See* ECF No. 1 at PageID 2.)  The Sixth Circuit has observed, however, that "*Lugar* requires 'something more' than mere action pursuant to governmental authority.  Whether 'something more' exists, which would convert a private party into a state actor, varies with the circumstances of the case."  *Phelps v. Dunn*, 965 F.2d 93, 102 (6th Cir. 1992).  In *Phelps*, the Sixth Circuit concluded that the plaintiff demonstrated the "something more" required to establish the volunteer-chaplain's State actor status under § 1983:

> By signing [a] contract to become a volunteer chaplain at [state prison Northpoint Training Center (the "NTC")], NTC's volunteer chaplain Rev. Edwards … agreed to abide by NTC's regulations and policies … By signing the contract, Rev. Edwards agreed to operate under all institutional policies and procedures of the NTC.  A volunteer chaplain functions as part of and within the institutional structure of chapel command.  He is distinguished from guests and visitors by being given privileges granted only to NTC employees, including special training and an institutional identification card.  While Rev. Edwards may well have retained the general attributes of a clergyman performing in a non-prison setting when he was

---

[1]  *See* https://www.corecivic.com/news/on-the-threshold-of-new-beginnings (CoreCivic website discussing the "faith-based [Threshold] program for inmates … to explore their spirituality [and learn] how to cultivate positive relationships with themselves and others, while improving their decision-making"; CoreCivic implemented the Threshold Program in "collaboration with the BOP [federal Bureau of Prisons]") (last accessed Aug. 15, 2023); https://www.bop.gov/resources/news/20160523_inmates_embrace_threshold.jsp#:~:text=(BOP)%20%2D%20The%20Threshold%20Program,in%20the%20community%20after%20release (Bureau of Prisons website discussing the Threshold Program that "helps inmates open the door to a life of understanding and growth [by] address[ing] issues that are critical to a successful life in the community after release") (last accessed Aug. 15, 2023).

> conducting services, Rev. Edwards was not in a non-prison setting. Rather, he was working in a prison and had signed an agreement that specifically restricted [Rev. Edwards's conduct in ministering to prisoners].

*Id*. In contrast, Phillips alleges no facts from which the Court can plausibly infer that Riley had agreed to operate under the HCCF's policies and procedures. *See Phelps*, 965 F.2d at 102. Phillips alleges only that Riley "never started the [Threshold] class or supervised it." (ECF No. 1 at PageID 2.) Phillips does not allege facts demonstrating that Riley's alleged actions are fairly attributable to the State of Tennessee. Absent that demonstration, there can be no liability under § 1983.[2] *See Lugar*, 457 U.S. at 937.

All claims in the complaint are DISMISSED WITHOUT PREJUDICE for failure to allege facts demonstrating a claim to relief under § 1983.

## III. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean,

---

[2] The complaint does not satisfy the State Actor Prong for Phillips to have a cognizable § 1983 claim in the first instance. The Court reaches no conclusions about whether Phillips alleges facts stating claims to relief for: (1) deprivation of due process; (2) deprivation of equal protection; and (3) conspiracy. If Phillips chooses to amend the complaint, *see* discussion *infra*, and if the amended complaint satisfies the Deprivation Of The Federal Right Prong and The State Actor Prong, the Court will screen Phillips' claims under § 1983 pursuant to the PLRA.

of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint under the conditions set forth below.

### IV.    CONCLUSION

For the reasons explained above:

A.    The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2).

B.    Leave to amend the complaint is GRANTED. Amended claims must be filed within twenty-one (21) days after the date of entry of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Phillips' claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Phillips must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Phillips fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment. The Court

recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

    IT IS SO ORDERED, this 15th day of August, 2023.

                                             /s/ *Samuel H. Mays, Jr.*
                                             SAMUEL H. MAYS, JR.
                                             UNITED STATES DISTRICT JUDGE